IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CHRISTINA BLAINE-THEDE,**                     12-CV-00281-BR

        Plaintiff,                          **OPINION AND ORDER**

v.

**CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,**[1]

        Defendant.


**MERRILL SCHNEIDER**
Schneider Kerr Law Offices
P.O. BOX 14490
Portland, OR 97293
(503) 255-9092

        Attorney for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**NANCIE A. MISHALANIE**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2531

        Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Plaintiff Christina Blaine-Thede's Motion for Attorney Fees (#29) Pursuant to 42 U.S.C. § 406(b).  For the following reasons, the Court **GRANTS** Plaintiff's Motion and awards attorneys' fees to Plaintiff in the amount of **$3,263.39**.

## BACKGROUND

On February 16, 2012, Plaintiff filed a Complaint in this Court in which she sought judicial review of a final decision of the Commissioner of the Social Security Commission denying Plaintiff's applications for disability insurance benefits (DIB)

and supplemental security income payments (SSI) under Titles II and XVI of the Social Security Act.

On December 17, 2012, this Court issued an Order (#22) reversing the Commissioner's decision and remanding the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On that same day the Court entered a Judgment (#23) reversing the Commissioner's decision and remanding this matter to the Commissioner.

On February 4, 2013, the parties filed a Stipulation (#24) for Attorneys' Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $3,199.86. On February 5, 2013, the Court entered an Order (#26) based on the Stipulation in which it awarded attorneys' fees under EAJA to Plaintiff's counsel in the amount of $3,199.86.

On June 17, 2014, Plaintiff filed a Motion (#29) for Attorney Fees pursuant to 42 U.S.C. § 406(b) in which Plaintiff seeks $6,463.25 in additional attorneys' fees pursuant to a contingent-fee agreement for work Plaintiff's counsel performed in this matter before this Court.

## STANDARDS

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court."

3 - OPINION AND ORDER

*Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)). Under § 406(b) "a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)). Section 406(b) requires the court first to "determine whether a fee agreement has been executed between the plaintiff and his attorney, and, if so, whether such agreement is reasonable." *Garcia v. Astrue,* 500 F. Supp. 2d 1239, 1242 (C.D. Cal. 2007)(citing *Gisbrecht*, 535 U.S. at 807).

"Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 807 (citing 42 U.S.C. § 406(B)(1)). Even "[w]ithin the 25 percent boundary, [however,] . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

## DISCUSSION

### I. Attorneys' Fee Agreement.

Plaintiff entered into a contingent-fee agreement in which she agreed to pay her attorneys the greater of (1) 25 percent of the past-due benefits resulting from her claim or (2) such amount as her attorney is able to obtain pursuant to EAJA. This type of contingent-fee agreement for 25 percent of all past-due benefits

awarded is characteristic of Social Security benefit cases. *See Gisbrecht*, 535 U.S. at 807.

## II. Reasonableness of Attorneys' Fees Requested.

"[T]he attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. When determining whether a fee is reasonable a court may consider a number of relevant factors: the attorneys' risk of loss, the character of representation and the results achieved, delay by counsel, and whether the amount of benefits is in proportion to the amount of time counsel spent on the case to ensure that the award does not constitute a windfall to the plaintiff's counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151-52 (9th Cir. 2009)(citing *Gisbrecht*, 535 U.S. at 808). No single factor is dispositive. *Id*. The district court's decision with respect to a fee award "qualif[ies] for highly respectful review." *Gisbrecht*, 535 U.S. at 808.

Here Plaintiff requests fees of $6,463.25 pursuant to the contingency-fee agreement between Plaintiff and her counsel. A review of the record establishes Plaintiff's counsel was able to secure a satisfactory award of past benefits for Plaintiff through litigation at the district-court level after Plaintiff had sought and been denied benefits by an Administrative Law Judge and on administrative appeal. The Court, therefore,

concludes Plaintiff's counsel provided competent, capable representation, and the record does not reflect counsel caused any delay of Plaintiff's claim.  In addition, Defendant does not contend the amount of fees requested is unreasonable.

The Court also takes into consideration the fact that counsel must take claims such as these on a contingency basis and that counsel bear the risk of not receiving any compensation for their work if they do not recover past-due benefits for their clients.  See *Crawford*, 586 F.3d at 1152.

Accordingly, the Court concludes a contingent-fee award of 25 percent of $49,856.00 or $6,463.25 is reasonable.

### III. The net amount of attorneys' fees in this matter does not exceed 25 percent of Plaintiff's past-due benefits.

42 U.S.C. § 406(a)(1) allows a plaintiff's attorneys to recover their fees for representing the plaintiff at the administrative level.  In addition, a court may award attorneys' fees and costs to the plaintiff's attorneys under EAJA for their representation of the plaintiff in court if certain criteria are met.  See 28 U.S.C. § 2412(d)(1)(A).  See also *Perez-Arellano v. Smith,* 279 F.3d 791, 793 (9th Cir. 2002).  Finally, as noted, under § 406(b) an attorney may not receive an award of fees for representation of the plaintiff *in court* "in excess of 25 percent of the . . . past-due benefits awarded to the claimant." 42 U.S.C. § 406(b)(1)(A).  An attorney who receives fees for the

6  -   OPINION AND ORDER

same work under EAJA and § 406(b) must refund the smaller fee to the plaintiff.  *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).  Congress passed this amendment "in order to maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys . . . ."  *Id.*  The Court notes the 25-percent cap on attorneys' fees does not include awards made under § 406(a).  *Clark v. Astrue*, 529 F.3d 1211, 1214-15 (9th Cir. 2008)(25-percent limit in § 406(b) only applies to attorneys' fees awarded under § 406(b) for representation in court and does not include attorneys' fees awarded under § 406(a) for representation at the administrative level).

On remand the Commissioner awarded Plaintiff $49,856.00 in past-due benefits.  As noted, the 25-percent cap on attorneys' fees does not include awards made under § 406(a).  *Id.*  Nevertheless, Plaintiff's counsel only moves for attorneys' fees of $6,463.25 pursuant to § 406(b) for his representation of Plaintiff in this Court less the $3,199.86 in EAJA fees awarded to him for a total of additional attorneys' fees in the amount of $3,263.39.  The Court grants Plaintiff's Motion.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for Attorney Fees (#29) Pursuant to 42 U.S.C. § 406(b) in the amount

of **$6,463.25 less the $3,199.86** in EAJA fees earlier granted to counsel on February 5, 2013.  Thus, the Court awards Plaintiff's counsel **$3,263.39** pursuant to Plaintiff's Motion.

    IT IS SO ORDERED.

    DATED this 16th day of September, 2014.

                                  /s/ Anna J. Brown

                                  ANNA J. BROWN
                                  United States District Judge